[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-12106
Non-Argument Calendar
_____

D.C. Docket No. 4:06-cr-00061-RH-MAF-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KENNETH DEWAYNE COPELAND,
a.k.a. Kent D. Copeland,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(July 2, 2021)

Before NEWSOM, BRANCH, and ANDERSON, Circuit Judges.

PER CURIAM:

Kenneth Copeland appeals the district court's denial of his motion for a reduced sentence under Section 404 of the First Step Act of 2018, arguing that the district court erred in concluding that he was ineligible for a sentence reduction because his conviction under 21 U.S.C. § 841(b)(1)(C) was not a covered offense.[1] Because Copeland's claim is foreclosed by the Supreme Court's recent decision in *Terry v. United States*, __ S. Ct. __, 2021 WL 2405145, at *4–5 (June 14, 2021), which held that § 841(b)(1)(c) is not a covered offense under the First Step Act, we affirm.

**AFFIRMED.**

---

[1] "When Congress enacted the First Step Act of 2018, it granted district courts discretion to reduce the sentences of crack-cocaine offenders [who were sentenced for a covered offense] in accordance with the amended penalties in the Fair Sentencing Act [of 2010]." *United States v. Jones*, 962 F.3d 1290, 1297 (11th Cir. 2020).